FORSTMANN v. FERGUSON, Formerly Collector of Internal Revenue.

SAME v. GNICHTEL, Collector of Internal Revenue.

(District Court, D. New Jersey. December 3, 1926.)

1. Internal revenue &#8347;7(7)—Plaintiff, prevented by government's suit from receiving corporate dividends when declared, held entitled to pay income tax as though dividends were received when declared.

Where dividends on plaintiff's stock for years 1919 and 1920, impounded in treasury of corporation by court order in suit by Alien Property Custodian, were paid in 1921, after dismissal of suit, and plaintiff filed amended income tax returns for 1919 and 1920, and paid taxes accordingly, *held* that, government having prevented receipt of dividends, assessment of additional tax in 1921, because dividends were received in 1921, was improper.

2. Internal revenue &#8347;7(7)—Dividends retained by corporation subject to court order held taxable, under Revenue Act then in force, as income accumulated in trust for unascertained person.

Declared dividends, retained by corporation subject to order of court in suit by Alien Property Custodian, were income accumulated in trust for an unascertained person and held for future distribution, and as such were subject to taxation under Revenue Act then in force, and beneficiary, when she received dividends, was relieved from further income tax; corporation's obligation to pay tax being absolute.

At Law. Actions by Adolfine Forstmann against Frank C. Ferguson, formerly Collec-

tor of Internal Revenue for the Fifth District of New Jersey, and against Edward E. Gnichtel, Collector of Internal Revenue for the Fifth District of New Jersey. Judgment for plaintiff.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for plaintiff.

Walter H. Bacon, Jr., Asst. U. S. Atty., of Trenton, N. J., and John R. Wheeler, Asst. Atty. Gen., for defendants.

BODINE, District Judge. These suits are brought for the recovery of taxes improperly levied and assessed. Part of the money was paid to one collector and part to another. The jurisdiction is conceded.

[1] In 1918 Mrs. Forstmann was the owner of two blocks of stock in the Forstmann & Huffman Company. The Alien Property Custodian, as a stockholder, brought two suits in this court against various parties. The important bearing is that dividends upon Mrs. Forstmann's stock were, by court order, impounded in the treasury of the company. The dividends were, in 1919 $82,115, and in 1920 $113,150. Both were finally paid in 1921, with interest, after the suits had been dismissed.

Mrs. Forstmann, after receipt of the dividends, filed amended tax returns showing the dividends as additional income in each of the years when the same would have been received, but for the government's restraining orders, and paid the taxes accordingly. The plaintiff was then assessed upon the dividends received in 1921, and an additional tax was accordingly levied. The government's position is that the tax is upon *income received*, which is, of course, true; but the only thing which prevented an earlier receipt of the money was the government's own acts. With one hand it deprived the plaintiff of her income, and with the other it levied a larger tax, when it permitted her to take her income, than could have been levied if the government had not stopped its receipt. The government not only taxes as Congress has authorized, but by deferring payment it takes a larger share than would have been possible but for the executive activities. Obviously the plaintiff is entitled to the refund of the taxes so improperly assessed.

[2] The plaintiff, however, bases her right here to recover the taxes paid in excess of those which should have been levied against the Forstmann & Huffman Company as *fiduciary*, they having made returns. When the dividends were declared, they were held by the Forstmann & Huffman Company subject to the order of this court. They were income accumulated in trust for an unascertained person, and were also held for future distribution, and as such were subject to taxation according to the provisions of the Revenue Act then in force. The obligation of the corporation was absolute, and the beneficiary, when she received the income, was relieved from further tax.

Judgment may be entered for the plaintiff for the sums paid, deducting, however, the sums which should have been paid by the fiduciary.